## No. 653.

WALLACE & Co. vs. THOMAS R. BURNHAM. JOHN CHAFFE & SONS ET AL. INTERVENORS.

The exception to the action of the intervenors was correctly sustained. The property had, through their instrumentality, been released from seizure and removed from the jurisdiction of the court, and hence the privilege asserted by them, if it existed, could not be enforced.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *R. W. & R. Richardson*, for plaintiffs and appellees. *Morrison & Farmer*, for defendant and intervenors, appellants.

HOWELL, J. This is a suit by attachment, instituted the twenty-ninth of April, 1875, by plaintiffs, residents of New Orleans, against a non-resident, on a promissory note for $3424 66, dated May 8, 1871, and due February 1, 1873, with eight per cent interest from maturity, subject to a credit of $1360 27 on the fourteenth of June, 1873. Goods *in transitu* were attached, and were afterward bonded by defendant, with John Chaffe, Brother & Son and John Chaffe & Sons as sureties. Defendant filed an exception of prematurity, alleging that while in New Orleans, in April, 1875, not being able to pay his debts, and wishing to get more goods to enable him to continue his business until the growing crop could be taken to market, he entered into a verbal agreement with all of his creditors in said city, including plaintiffs, by which they were not to sue or press him until the time mentioned, and he was to obtain goods as desired, on the acceptance of his commission merchants and his own credit, which agreement was carried into effect, but plaintiffs have, in bad faith, violated it by suing him and attaching the goods so purchased from others.

This exception was overruled, and defendant answered by a general.

denial and a plea in compensation for amount of a note of plaintiffs held by him.

John Chaffe, Charles Chaffe, William H. Chaffe, and Christopher Chaffe, Jr., intervened in behalf of the firms of which they were the members, setting up the alleged agreement, upon which they had advanced to defendant and assisted him in buying more goods, being the same that are attached, and asking for a privilege as vendors thereon to the amount of thirty-six hundred dollars in preference to plaintiffs.

Plaintiffs excepted to the intervention on the ground that the property attached had been bonded prior thereto and delivered to defendant, and is now beyond the jurisdiction of the court; and, secondly, that intervenors, having become the sureties on the release bond, are estopped from asserting any claim to or privilege on the property so delivered to defendant.

This exception was maintained and judgment was given in favor of plaintiffs, subject to the credit claimed. Defendant and intervenors have appealed.

The first question is the plea of prematurity, on the trial of which defendant excepted to the ruling of the judge admitting the testimony of G. W. Carey and others, taken under commission before the plea or exception was filed, as not having been taken with reference to the issue therein raised, and defendant had no opportunity to cross-examine the witness on such issues. This ground is good. There should have been an opportunity to cross-examine the witness, as urged by defendant, and such evidence will not be considered. There is also a bill of exceptions to the action of the judge in striking out certain parts of the answers of some of defendant's witnesses as hearsay. Portions of said answers stricken out are manifestly hearsay, and were properly stricken out, but there are portions which are part of the *res gesta*, to which we will give legal effect in weighing the evidence.

The evidence legally admissible satisfies us that the judge *a quo* did not err in overruling the exception of prematurity. The agreement between the plaintiffs and defendant was conditional that the latter should make purchases to a fixed amount for one half cash and the balance on time. He began the selection of goods under this agreement, but discontinued in a manner and under circumstances which justified plaintiffs in considering the agreement at an end.

The exception of plaintiff to the intervention of the Chaffes was correctly sustained. The property had, through their instrumentality, been released from seizure and moved from the jurisdiction of the court, and hence the privilege asserted by them, if it existed, could not be enforced.

On the merits, the evidence sustains the judgment of the district judge.

Judgment affirmed.